UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
VS. : CRIMINAL NO. 05-062T
:
CHRISTOPHER BORELLI :

MOTION FOR EXCULPATORY EVIDENCE

COMES NOW, the Defendant, CHRISTOPHER BORELLI, by and through his counsel, and moves this Court for entry of an Order requiring the government to provide to defense counsel, within a time to be therein specified, any and all actual or potential exculpatory evidence relating to the issues of guilt or punishment as is currently known to the government, its agents, and representatives or which may become known to them by the exercise on their part of due diligence. Any item not produced or ordered to be produced is requested to be preserved and kept whole. Such evidence shall include, but is not limited to, by way of example only, the following:

1. Evidence that the Defendant was not a participant in any of the events alleged to have occurred in the indictment or related incidents.

2. Any and all statements, reports, tapes, recording, printouts and the like of any agent, undercover agent, informant, witness or other person or entity having any knowledge of the facts of this case or relationship to this case which statements, etc. relate to this case and do not show the Defendant's involvement in or relation to any of the allegations contained in this indictment as well as those which are in mitigation.

3. As to anyone who testify for the prosecution indicate:

(a) Whether or not such agent or individual was suspected, apprehended, or convicted of the commission of any crime or offense at the time he/she was solicited to gather information or perform other duties on behalf of the government of the United States, or any other governmental unit;

(b) Of what crime, or crimes, with specific details, were such individuals suspected or apprehended or convicted at the time he/she was solicited to gather information on behalf of the

government whether federal, local, state or otherwise including crimes to which he or she or they confessed or which were admitted by them during any debriefing, grand jury testimony or the like or in which they were implicated by others.

(c) Whether or not any potential or actual criminal charges against or sentences or sanctions against such individuals were abandoned, altered or otherwise foregone upon agreement of and/or for the benefit of any such agent or individual or for someone in close relation to them and the details of same.

4. The prior criminal records of any and all witnesses, informants, and cooperating individuals who are to be or have been used against the Defendant, or in preparation of this case for arrest, search and seizure, indictment, trial, pretrial motions, or the like including any and all information of any criminal activity or involvement on the part of such individuals as is known or may become known about them by the exercise of due diligence on the part of the government.

5. The substance of any plea bargains or deals entered into by any and all witnesses or potential witnesses int his case whether said plea bargain or deal was entered into by the Office of the prosecuting attorney, or any other governmental agency, department or unit, whether foreign or domestic, federal, state or local regardless of whether or not said individual was or will be charged in this case. (Include therewith the authority for all such bargains, deals or arrangements and the names and last known addresses of the individuals involved in making such).

6. A copy of any and all memoranda, computer printouts, notes, tapes, recordings, writings and the like of any investigative agency public or private, state, federal, local or otherwise involving or related to this case and/or which investigation tends to exculpate the Defendant as to either guilt or punishment.

7. Any and all information regarding whether or not any witness or potential witness who provided information to or was to be called by the government in this case is presently or has ever been dependent upon any scheduled or non-scheduled narcotic, drug or controlled substance including the extent of said dependency; when and where said dependency was treated, if treated, and the duration of said dependency insofar as it may, or could lead to information beneficial to the Defendant.

8. The name and address of any individual confronted by the government or anyone

acting on its behalf in any manner which individual, when so confronted, indicated that the Defendant was in no way connected with the events alleged in the indictment herein or in some way mitigated the alleged involvement.

9. If any individual was threatened in any way or given any type of offer in any way regarding this case, then name the individual who made the treat or offer, to whom it was made and the exact nature of the threat or offer as well as the date, time, and location at which such was made and the identity of any other individuals present.

10. Whether any government witnesses have ever been known by the government witnesses have ever been known by the government or its agents to have:

a) stolen anything (what and when);

b) made any false reports;

c) distributed or used any controlled substances; and regardless of whether or nor said actions were prosecuted.

11. Whether any of the law enforcement officers involved in this investigation or prosecution whether state, federal, or otherwise, have ever been the subject of an adverse internal police investigation; whether polygraph examinations taken, and if so, the results; any reports of actions, if any, and what if any were taken.

12. Whether any witnesses or potential witnesses to this case took or refused to take a polygraph test or were hypnotized, drugged or given a like examination with respect to anything relating to this case, and if so, test procedures, results, tapes, reports, printouts, materials, questions, and all related documents, writings, printouts, information and data.

13. Whether or not any case involving the testimony of any law enforcement officers, whether federal, state or otherwise who participated in the investigation of the instant case has already been dismissed because of alleged misconduct or untruthfulness on the part of said law enforcement officers.

14. If the answer to paragraph number 13 is yes, please give all known details and facts relating thereto.

15. The name and address of each and every individual who was present at and witness to

the conduct of the Defendant that the government alleges constitutes the offenses set forth in the indictment herein.

16. Whether any government regulations, operating orders, circular letter of official instruction or guideline was violated or breached by the conduct of any individual during the course of their official involvement in this case.

17. The name and address of each individual who has handled evidentiary items in this case.

18. The extent of drug use past and present of all government agents and witnesses, if any, used to obtain evidence which will be or has been presented against the Defendant by the government to prove its case, as such is known, or can became known by the exercise of due diligence on the part of the government insofar as such information relates to those individuals' ability to see, hear and relate those facts which occur in their presence and to testify truthfully and accurately.

19. The psychiatric records and/or history of all government agents and witnesses, and co-defendants, if any, or anyone who was used or will be used as an information source for the prosecution of this case including but not limited to those intended to testify insofar as they relate to each such individual's ability to be truthful, forthright, and honest as a witness and to know, hear, see, tell and relate those facts which in their presence as such is known to or can become known by the exercise of due diligence on the part of the government.

20. Any and all evidence of any nature, type or description which indicates lack of culpability by the Defendant in the allegations set forth in this indictment or which would be mitigative to his involvement and would inure to his benefit at trail on the issue of punishment.

WHEREFORE, in consideration of the foregoing and such other matters as may become evident at a hearing hereon, the Defendant requests this Court to grant this motion and to grant such other and further relief as in the case may be deemed just.

Respectfully Submitted
By his Attorney,

Joseph J. Voccola, Esq. #4132
454 Broadway
Providence, RI 02909
401-751-3900
401-751-8983

Thomas F. Connors, Esq., #2108
454 Broadway
Providence, RI 02909
401-751-3900
401-751-8983

CERTIFICATION

I hereby certify that a true copy of the within Motion for Exculpatory Evidence was mailed to the United States District Court for the District of Rhode Island, Office of the Clerk, 1 Exchange Terrace, Providence, RI 02903 and to Stephen G. Dambruch, Assistant U.S. Attorney, 50 Fleet Plaza, 8th Floor, Providence, RI 02903 on this 10th day of June, 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 05-062T |
| VS. | : | |
| | : | |
| CHRISTOPHER BORELLI | : | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR EXCULPATORY EVIDENCE

The Defendant, CHRISTOPHER BORELLI in motion for Exculpatory Evidence, seeks to obtain evidence, which will be of benefit in the preparation of Defendant's defense. This motion ought to be granted to insure that this trial results in a full and fair disclosure of all of the relevant facts and evidence trial by ambush and make this trial a search for the truth so that of both litigants.

Ever since the first civilizations established laws regulating the conduct of society, there have been trials to determine the guilt or innocence of those accused of transgressions. In earlier times, trial by combat and trial by ordeal were accepted, but as man became more civilized, the manner by which an accused was tried became less of a game of chance and more of a proceeding imbued with fairness.

The presumption of innocence and the fairness doctrine are two of the cornerstones which mark our Country's distinctive belief that the judicial process must operate with equality and fairness. One of the main thrusts of our democratic judicial system is the effort to eliminate trial by surprise. Courts today recognize the simple truth that trial, although an adversary proceeding, is not a game to see who can play the most and best tricks. The surprise witness and other

evidentiary slight of hand are fine for plays and movies but not in the real world when a human life is at stake.

Under the doctrine of fairness, the United Supreme Court has mandated, through a series of cases, that criminal defendants are entitled, as a matter of Constitutional right, to effective assistance of counsel regardless of their financial status. Powell v. Alabama, 287 U.S. 45 (1935); Gideon v. Wainright, 372 U.S. 355 (1963); Argersinger v. Hamlin, 407 U.S. 25 (1972); the illegally obtained evidence cannot be used against them in trial, Silverthorne Lumber Company v. United States, 251 U.S. 386 (1920); Mooney v. Holohan, 294 U.S. 264 (1935); Mapp v. Ohio, 367 U.S. 643 (1961); and that the government is obligated to correct false evidence when it appears in a trial whether solicited or not. Napue v. Illinois, 360 U.S. 264 (1959); Pile v. Kansas, 317 U.S. 213 (1942).

The single most effective device for ensuring that a trial is fair is pretrial discovery. As the Court said in Dennis v. United States, 384 U.S. 855, 837 (1966):

> In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts.

In Bryant v. United States, 439 F.2d 642 (D.C. Cir. 1972), the Court, recognizing the imbalance of investigative resources available to the government as opposed to a Defendant, held that the prosecution had the duty of disclosing evidence to the defense which was favorable to him so that the trial would be a search for the truth informed by all relevant material. Id. at 648

Discovery procedures available in civil cases are generally much more extensive than those available in criminal cases. When one sues for breach of contract or commission of a tortuous act, he or she is able to interrogate the opposing party and witnesses under oath prior to trial. By these devices courts avoid cases which might be a serious waste of time and insure that

each case is not eliminated. A human's life ought to be more valuable than money. General discovery enables a Defendant to know whether or not to plead guilty and also give him a fair chance to present his case. It advances the fairness of the system.

The Federal Rules of Criminal procedure provide pretrial discovery in federal cases. Most states provide by statute or rules of court for the pretrial disclosure in all cases (subject in most states to the availability of a protective order for unusual circumstances) of the names and addresses of prosecution witnesses.

Over the years, the Supreme Court has endorsed the concept of expanded discovery in criminal cases. In Williams v. Florida, 399 U.S. 78, 82 (1970), the Court Stated.

> In our adversary system is hardly an end to itself ; it is not yet
> a poker game in which players enjoy an absolute right always
> to conceal their cards until played

See also, Wardius v. Oregon, 412 U.S. 70 (1973). The Project on Minimum Standards for criminal Justice of the American Bar Association has also gone on record in its Approved Draft (1970) of the ABA Standards Relating to Discovery and Procedure Before Trial, 2.1(a) (i), for the uniform requirement, in all criminal cases, that the prosecution shall disclose to defense counsel in advance of trial " the names and addresses of persons whom the prosecution attorney intends to call as witness at the hearing or trial, together with their relevant written or recorded statements."

The United States Court of Appeals for the Fourth Circuit has observed that the denial of a request for witness names and addresses may rise to the level of constitutional error where it "amounts to a denial of the defendant's right of confrontation in violation of the Sixth Amendment." United States v. Jordan, 466 F. 2d 99, 101 (4th Cir. 1972). As the Court noted in

Jordan: "The Supreme Court has recognized that a defendant's Sixth Amendment rights may also be violated by less than a complete denial of all cross-examination. Alford v. United States, 282 U.S. 687, 51 S. Ct. 218, 75 L. Ed. 624, (1931); Smith v. Illinois, 390 U.S. 128, 88 S. Ct. 748, 19 L. Ed. 2d 956 (1968)." 466 F. 2d at 101. The test, announced the Court, is whether there has been, by reason of non-disclosure of the witnesses' identities prior to trial, a sufficient diminution of the right of cross-examination to come within the protection of the rule of these cases. Id.

In Dennis v. United States, 384 U.S. 855, 870 (1966), the court said that "disclosure, rather than suppression, of relevant material ordinarily promotes the administration of criminal justice."

In Funk v. Superior Court, 52 Cal. 2d 423, 340 P. 2d 593 (1959), a proceeding on application for relief from denial of applicant's motion for pretrial production of original notes made by policemen of oral statements made by witnesses at preliminary hearing, the Court held that the accused was entitled to production and issued a writ of mandamus directing the lower court to set aside its denial of the applicant's motion and to issue an order permitting him to inspect and copy them. Concealment of facts by the prosecution does not lead to fairness or confidence in the justness of our system.

In Defendant's motion, we have requested the substance of and the circumstances surrounding as well as the identity of any witnesses to any and all oral statements made by the accused, Potential co-defendants or any witness. United States v. Roberts and Lloyd, (4th Cir. 1986) (Record No.85-5122).

The ABA's Standards Relating to Discovery and Procedure Before Trial provide that the prosecuting attorney disclose to defense counsel "the substance of any oral statements made by

the accused, or made by a co-defendant if the trial is to be joint one."2.1 (a) (ii).

The Defendant seeks from the government and its agents all exculpatory evidence in their possession as is known, or as could become known to them through the exercise on their part of due diligence, and which is material either to guilt or punishment. Brady v. Maryland, 373 U.S. 83 (1963); United States v. Bagley, 473 U.S. 667 (1985).

A criminal trial should not be a game of wits between the prosecution and the defense, whereby the party with the greater resources or the better strategy wins. Levin v. Katzenbach, 363 F. 2d 287 (D.C. Cir. 1967). A defendant ought not to be deprived of the Fifth Amendment because defendant counsel lacks the resources to investigate and discover information to which the government has ready access. It is, therefore, essential to prevent prejudice to a defendant's rights that the government deliver discoverable and exculpatory evidence to the defense, and that this be far enough in advance of trial so that it can be used to aid in the preparation of the defense's case. Hamric v. Bailey, 386 F. 2d 390 (4th Cir. 1967). The prosecutor must make disclosure of discoverable evidence upon request at a time when it is of value to the accused. "Manifestly, a more lenient disclosure burden on the government would drain Brady of all vitality." United States v. Elmore, 423 F. 2d 775, 779 (4th Cir. 1970). See also, United States v. Deutch, 473 F. Supp. 284 (S. D. N.Y. 1974). The essence of the requirement that the prosecution disclose certain evidence is that it be done far enough in advance to allow adequate time to evaluate, prepare, and present it at trial. Green v. McElroy, 360 U.S. 474 (1959).

As the court of Appeals held in United States v. Dye, 221 F. 2d 763 (3rd Cir. 1955), citing United States Ex Rel. Almeida v. Baldi, 195 F. 815 (3rd Cir. 1952), cert. denied, 345 U.S. 904 (1953), the prosecution may not withhold from the defense material evidence vital to the defense

of the accused. Accord, Barbee v. Warden, Maryland State Penitentiary, 331 F. 2d 842 (4th Cir. 1964). See also, Renzi v. Commonwealth, 794 F. 2d 115 (4th Cir. 1986). And United States v. Price, 783 F. 2d 1132 (4th Cir. 1986).

The defense is most aware of the kind of trial strategy which will be employed, and is, therefore, best equipped to know what is material and potentially useful. If the government has doubts about whether the evidence is useful to the defense, it should resolve such doubts in favor of the defense. United States v. Miller, 529 F. 2d 1125 (9th Cir. 1976). It is not for the government to decide for the Court what is admissible or to determine for the defense what is useful. Griffin v. United States, 183 F. 2d 990, 993 (D.C. App. 1950); Barbee, 331 F. at 845. To do otherwise would be to permit the prosecution to control the defense case. If an item is questionable, it ought to be revealed, If not revealed, then it should be submitted to the Court for consideration. United States v. Alexander , 748 F.2d 185, 193 (4th Cir. 1984).

The prosecutor may not suppress the means of obtaining evidence, nor leads which may develop exculpatory evidence. United States v. Bowles, 488 F. 2d 1307 (D.C. Cir. 1973); United States v. Bonano, 430 F. 2d 1060 (2nd Cir . 1970). The material of evidence must be considered in light of the evidence it might subsequently reveal. Evidence with leads to other evidence is, therefore, particularly material.

Information which is probative on the issue of credibility of government witnesses is but one example of what must be given to the defense. Ingram v. Peyton, 367 F.2d 933 (4th Cir. 1966). See also, Bagley, supra. Such evidence is particularly important when the prosecution's case turns on the credibility of its witnesses. Giglio v. United States, 405 U.S. 150 (1972). The

prosecution may not disregard credibility evidence, nor leave it to chance that the defense will learn of it on their own. Levin v. Katzenbach, Supra; Bagley, supra.

The defense should be given all evidence in advance of trial which could be utilized within the bounds of legitimate advocacy to fashion arguments which might create a reasonable doubt in the minds of the jury as to the defendant's guilt. United States v. Keough, 391 F. 2d 138 (2nd Cir. 1968). The government, like the defense, has an interest in seeing that the defendant's trial is a search for truth rather than a chess game, Cf. United States v. Noe, 41 Cr.L. 2347 (11th Cir. 1987).

The disclosure of the names and persons the prosecutor does not claim to call as witnesses may be even more important to an adequate defense than the witnesses list. These persons may have knowledge of the case which cannot otherwise be obtained by the defense. See also, United States Ex. Rel. Meers v. Wilkins, 326 F.2d 135 (2nd Cir. 1964) (due process violation resulted from the failure to disclose to the defense the existence of two eye witnesses to a robbery whose testimony would have tended to exculpate the defendant); semble, Sennett v. Fairfax, 608 F.2d 539 (4th Cir. 1979) and United States v. Ladd, 48 F.R. D. 266 (D. Alaska 1969) (granting discovery of exculpatory statements of witnesses not to be called by the government).

A Brady issue arise from the failure of the prosecution to disclose its non-witnesses. Because government agents have interviewed these persons and the prosecution has decided not to call them as witnesses, one may assume that they fall into at least one of three possible categories:

(1) Their information tends to exculpate the defendants:

(2) Their information, although tending to be inculpatory, is either

cumulative or of marginal probative value; or

(3) They have no relevant information.

In the first case, the witnesses' identity seems clearly discoverable under Brady. In the second and third categories, it would seem plausible that the names should be disclosure and that the defense counsel should be given an opportunity to determine whether or not the witness' testimony could be helpful. There is no valid argument favoring non-disclosure.

Additionally, the Defendant should be able to discover and any all arrangements for immunity, pleas to lesser charges, promises not to prosecute or any other "deals" entered into between or on behalf of the government and any witnesses, or their family, friends or associates. Bagley, supra. This sort of information goes directly to the heart of the witness' motive in testifying and their credibility and/or bias. This information is discoverable under Brady rule. United States v. Bagley, supra. This type of information is certainly important for the defense because an accused is absolutely entitled to effectively cross-examine the accusers. A fundamental duty owed to a client by an attorney is to make deliberate and informed decisions. United States v. Hinton, 631 F.2d 769, 780 (D.C. Cir. 1980). Defense counsel cannot be effective without this information.

For the same reason, Defendant's request for the criminal records of any and all witnesses to be called by the prosecution should be granted. The ABA's Standards Relating to Discovery and Procedure Before Trial provides for the disclosure to defense counsel of "any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses." 2.1(a)(vi). Cf. Bagley, supra.

The right of the accused to confront witnesses is guaranteed by the Sixth Amendment to

the United States Constitution. The importance of this right to confrontation was best stated by the Supreme Court of the United States in Green v. McElroy, 360 U.S. at 496:

> Certain principles have remained relatively immutable in our jurisprudence. One of these injures an individual and the reasonableness of the action depends on fact findings, the evidence used to prove the government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue.
>
> While this is important in the case of documentary evidence, it is even more important where the evidence consists of the testimony of individuals whose memory might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy.
>
> We have formalized these protections in the requirements of confrontation and cross-examination. They have ancient roots. They find expression in the Sixth Amendment which provides that in all criminal cases, the accused shall enjoy the right 'to be confronted with the witnesses against him.'

The appropriate starting point for a discussion of the obligation to disclose information is Roviaro v. United States, 353 U.S. 53, 77 S. Ct. 623, 1L.Ed. 2d639 (1957). In that case, the Supreme Court ordered disclosure of the identity of an informant who was an active participant in the illegal drug transaction. The test outlined in Roviaro remains the guide for the Court's decision:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense.

The Supreme Court in Roviaro believe the informant's identity should be disclosed because it met the definitive declaration that "...whenever the informer's testimony may be relevant and helpful to the accused's defense," his identity must be disclosed. Roviaro. 353 U.S. at 77. The critical factor in Roviaro and in Renzi and in Price which favored the informant's disclosure was the informer was an active participant and was in a position to amplify or contradict the testimony of other government witnesses, thus disclosure becomes necessary in

order to comply with Roviaro.

This Court must consider Roviaro's "fundamental requirements of fairness" in deciding "[W]here the disclosure of informer's identity or the contents of his communication is relevant and helpful to the defense of an accused or is essential to fair determination of a cause, the [informant] privileges must give way." Id. At 60-61. See also, McLawhorn v. North Carolina, 481 F.2d 1(4th Cir. 1973).

The Defendant is seeking an opportunity to prepare a defense through the timely disclosure of informants and the deals, offers of favorable treatment and the like extended to those close to them, such as a spouse. Disclosure left until the time of a hearing, this results in proceedings by ambush and surprise. Withholding disclosure confounds the preparation of an adequate defense and is directly in opposite to the letter and spirit of the rules, statutes, and decisions which exist to guarantee a fair and just trial. Our adversary system is designed so that two sides advocate to the trier of fact an interpretation of the facts consistent with their view of the case. The concealment of exculpatory evidence until the last minute does violence to our concept of fair hearings. See also, United States v. Holmes, 722 F.2d 37 (4th Cir. 1983).

Prosecutors should be directed to disclose anything which might affect the outcome of the trial or for which a substantial basis exists for claiming materiality and, when in doubt, the material should be submitted to the Court for its review. United States v. Agurs, 427 U.S. 97 (1976); United States v. Gaston, 608 F.2d 1108, 1118, (2nd Cir.), cert. Denied, 419 U.S. 826 (1974).

The defense must be given adequate time to make use of the evidence obtained through

discovery. In Hamric, the Court said "[i]f it is incumbent to the State to disclose evidence favorable to an accused, manifestly, that disclosure to be effective must be made at a time when the disclosure would be of value to the accused." 386 F.2d at 393.

Respectfully Submitted
By his Attorney,

Joseph J. Voccola, Esq. # 4132
454 Broadway
Providence, RI 02909
401-751-3900
401-751-8983

Thomas F. Connors, Esq., # 2108
454 Broadway
Providence, RI 02903
401-751-3900
401-751-8983

CERTIFICATION

I hereby certify that a true copy of the within Memorandum Of Law In Support of Motion For Exculpatory Evidence was mailed to the United States District Court for the District of Rhode Island, 1 Exchange Terrace Providence, RI 02903 and to Stephen G. Dambruch, Assistant U.S. Attorney, 50 Kennedy Plaza 8th Floor Providence, RI 02903 on this 10th day of June, 2005.