**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Cr. No. 05-062T** |
| | ) | |
| **CHRISTOPHER BORELLI** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY INFORMATION**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby responds to defendant's Motion for Disclosure of Grand Jury Information as follows:

1. The government objects to requests number 1 through 6;

2. The government, in anticipation of its obligations under Rule 12(h) and Rule 26.2 of the Federal Rules of Criminal Procedure, has already provided the defendant with a copy of the transcript referenced in request number 7; and,

3. The government objects to requests number 8 and 9.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U. S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 22 day of June, 2005, I mailed a copy of the within Government's Response to Joseph J, Voccola, Esquire and Thomas F. Connors, Esquire, 454 Broadway, Providence, RI 02909.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-062T |
| | ) | |
| CHRISTOPHER BORELLI | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY INFORMATION**

## Introduction

The defendant filed a motion seeking disclosure of materials relating to the grand jury proceedings which resulted in the return of the above-captioned indictment against the defendant. In support of his request, the defendant argues that he needs the requested grand jury materials "to protect his constitutional right to due process, equal protection of the law, and such other rights as obtain." The government objected to all but one of the defendant's requests, having already provided the defendant with a copy of the transcript referenced in request number 7.

## Argument

The disclosure of grand jury material is contrary to the long established policy of maintaining the secrecy of federal grand jury proceedings. United States v. Sells Engineering, Inc., 463 U.S. 418, 424 (1983). That general rule of secrecy, now codified in Rule 6(e) of the Federal Rules of Criminal

Procedure, applies not only to the transcripts of grand jury proceedings, but also to anything that may reveal what occurred before a grand jury. In re Grand Jury Matter, 682 F.2d 61, 63 (3d Cir. 1982); Fund for Constitutional Government v. National Archives and Record Service, 656 F.2d 856, 869 (D.C. Cir. 1981). Although this rule of secrecy is not absolute, the party moving for disclosure bears the heavy burden of demonstrating that the material he seeks is needed to avoid a possible injustice, that the need for disclosure outweighs the need for continued secrecy and that the request is structured to cover only required material. Douglas Oil Company v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). Specifically, the moving party must show a particularized need for the information that he seeks. Sells Engineering, 463 U.S. at 434; Walsh v. United States, 371 F.2d 436, 437 (1st Cir. 1967). Since there is a presumption of regularity accorded to all grand jury proceedings, that need must be demonstrated in the form of specific factual allegations of governmental misconduct. Hamling v. United States, 418 U.S. 87, 139 n.23 (1974); United States v. Torres, 901 F.2d 205, 232-33 (2d Cir. 1990); United States v. Llaca Orbiz, 513 F.2d 816, 818-19 (1st Cir. 1975). Conclusory or speculative allegations about what may have gone wrong during a grand jury proceeding are insufficient to overcome that presumption of regularity and do not warrant disclosure. United States v. Budzanski, 462 F.2d

443, 454 (3d Cir. 1972). The mere contention that a defendant has a right to the grand jury materials is just not enough. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399-401 (1959); United States v. Miramontez, 995 f.2d 56, 59 (5th Cir. 1993). In fact, Rule 6(e) of the Federal Rules of Criminal Procedure only authorizes the release of grand jury information to a defendant based upon a showing "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. Fed.R.Crim.P. 6(e)(3)(E)(ii).

In the instant case, the defendant attempts to satisfy the particularized need requirement by arguing that he needs access to the requested materials in order to ensure Fifth Amendment compliance and then generally alleges unspecified violations of his Fifth and Sixth Amendment rights before the grand jury. The defendant further claims, again without giving any specifics, that the government provided incorrect legal advice to the grand jurors, evidenced by the fact that they failed to name five supervisors nor charge three appropriate predicate felonies. The defendant's failure to allege specific factual allegations other than the grand jury's failure to consider the elements of a crime for which the defendant was not indicted, that is, engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848, combined with the broad scope of his requests, demonstrate that the defendant's motion is nothing more than an impermissible

attempt to conduct an unauthorized fishing expedition. Attempting to engage in this type of general discovery relating to grand jury proceedings, rather than seeking particular information needed to avoid injustice or allow for the filing of a motion to dismiss the indictment, does not constitute the requisite particularized need and is a practice that the Court should not permit. United States v. Balogun, 971 F.Supp. 1215, 1232 (N.D.Ill. 1997); United States v. Horak, 633 F.Supp. 190, 195 (N.D.Ill. 1986). The granting of such broad requests not only runs counter to the requirements of Rule 6(e) and the general presumption of secrecy applicable to grand jury proceedings, it also would effectively undermine the policies protecting the integrity of the grand jury system.

The defendant also attempts to avoid the particularized need requirement by characterizing some of the information he is requesting as ministerial. The mere fact that a particular record sought by the defendant could be classified as ministerial does not leave it unprotected, since the secrecy afforded grand jury matters may extend beyond the scope of Rule 6(e). In re Special Grand Jury, 674 F.2d 778, 781 (9th Cir. 1982); United States v. Loc Tien Nguyen, 314 F.Supp.2d 612, 617-18 (E.D.Va. 2004). For instance, the defendant's requests seeking the identity of certain grand jurors, although possibly not falling within a strict reading of Rule 6(e), would reasonably be

protected by the general doctrine of grand jury secrecy, especially since disclosure may significantly undermine the current or future grand jury's freedom to deliberate and/or subject jurors to inappropriate contact from persons subject to indictment. Douglas, 441 U.S. at 219 n.10; In re Special Gand Jury, 674 F.2d at 781-82. Therefore, applying the "ministerial" label to some of the materials he seeks, should be of no assistance to the defendant in winning judicial approval of his requests.

Finally, despite defendant's suggestion to the contrary, the completion of the grand jury proceedings, as evidenced by the return of the indictment against the defendant, does not relieve him of the obligation of meeting the criteria for release of grand jury materials. In re Lynde, 922 F.2d 1448, 1454 (10th Cir. 1991). The Court, in considering a defendant's request for disclosure, must consider the possible effect of disclosure on the functioning of future grand juries, as well as the grand jury that returned the indictment. Douglas Oil, 441 U.S. at 222. Although the interest in grand jury secrecy may be somewhat reduced at the conclusion of the relevant grand jury proceedings, the defendant may not rest his argument in favor of disclosure simply upon the potential weakening of the public interest considerations in favor of secrecy. Rather, the defendant must still make a real showing of need to justify his disclosure

request. In re Grand Jury Proceedings, 800 F.2d 1293, 1300-02 (4th Cir. 1986).

Conclusion

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion for Disclosure of Grand Jury Information.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U. S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 22 day of June, 2005, I mailed a copy of the within Government's Memorandum to Joseph J, Voccola, Esquire and Thomas F. Connors, Esquire, 454 Broadway, Providence, RI 02909.