**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Cr. No. 05-062T** |
| | ) | |
| **CHRISTOPHER BORELLI** | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EXCULPATORY EVIDENCE

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby responds to defendant's Motion for Exculpatory Evidence as follows:

1. The government is aware of its duty to disclose exculpatory evidence; and,

2. Although not disputing its general obligation to provide the defendant with exculpatory material, the government objects to the specific requests set forth in the defendant's motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U. S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2005, I mailed a copy of the within Government's Response to Joseph J, Voccola, Esquire and Thomas F. Connors, Esquire, 454 Broadway, Providence, RI 02909.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-062T** |
| | : | |
| **CHRISTOPHER BORELLI** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION FOR EXCULPATORY EVIDENCE**

Facts and Travel

The defendant sent a letter to the government on October 13, 2004, requesting discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Court's Pretrial Discovery Order. The government replied to that request with three of its own letters, copies of which are attached (without the enclosures). Those responses included all of the discovery required by Rule 16 and the Pretrial Order, as well as materials that neither the rule nor the order obligated the government to provide to the defendant at this stage of the proceedings. The defendant then filed a Motion for Exculpatory Evidence, which essentially asks the Court to compel the government to produce additional discovery related materials. The government objected to defendant's motion.

Argument

Rule 16 of the Federal Rules of Criminal Procedure requires

that the government, upon request of the defendant, either provide or allow the defendant access to specific items. It does not grant the defendant full access to the government's files nor is it an open invitation for the defendant to obtain any and all information he may desire. Furthermore, the rule expressly excludes all witness statements and any reports prepared by government agents, except those containing the substance of defendant's statements to a known government agent if the government intends to use those statements at trial, from the discovery process. Fed.R.Crim.P. 16(a)(2); United States v. LiCausi, 167 F.3d 36, 50-51 (1st Cir. 1999).

The bulk of the items requested by the defendant in his Motion to Disclose are either beyond the scope of the discovery required by both Rule 16 and the Court's order or fall squarely within the category of materials specifically exempted from the discovery process by Rule 16(a)(2). That exemption clearly applies to the defendant's demand for the production of additional reports, statements, tapes, recordings or other similar materials. Additionally, compliance with all of the defendant's requests would also require the government to disclose the identity of its witnesses, something the government is simply not required to do at this stage of the proceedings. That type of disclosure is neither mandated by Rule 16 nor otherwise required by law, and therefore should not be ordered by the Court. United States v. Reis, 788 F.2d 54, 58 (1st Cir.

1986); see also United States v. Edwards, 47 F.3d 841, 843 (7th Cir. 1995) ("It is well settled that the Constitution does not require pretrial disclosure of prosecution witnesses."). Furthermore, even the Brady exculpatory evidence rule does not require the government to reveal its witnesses' names to the defendant in advance of trial. United States v. Adames Santos, 89 F.3d 824, 1996 WL 402051 (1st Cir. 1996) (unpublished). Simply put, the Court should not allow the defendant to use what purports to be a motion seeking only the disclosure of exculpatory evidence to circumvent the discovery limitations imposed by Rule 16 .

Although the witness criminal histories or inducements requested by the defendant, if they exist, would potentially fall within the category of impeachment material covered by Giglio, the Courts have long recognized that there is a different standard regarding disclosure of impeachment material under Giglio as opposed to purely exculpatory information under Brady. See, e.g., United States v. Higgs, 713 F.2d 39, 44 (3rd Cir. 1983) ("The Brady material in this case was information that appellees could use on cross-examination to challenge the credibility of witnesses. For that type of material, we think appellees' right to a fair trial will be fully protected if disclosure is made the day that the witness testifies.") (citing cases); United States ex. rel. Lucas v. Regan, 503 F.2d 1, 3 n. 1 (2d Cir.1974) cert. denied, 420 U.S. 939, 95 S.Ct. 1149, 43

L.Ed.2d 415 (1975); United States v. Mariani,7 F.Supp.2d 556, 563 (M.D.Pa 1998)(citing cases). For instance, the First Circuit has found no prejudice to the defendant where disclosure of a witness' plea and cooperation agreement took place either shortly before trial or even after trial commenced. See United States v. Casas, 356 F.3d 104, 114 (1st Cir. 2004); United States v. Villarman-Oviedo, 325 F.3d 1, 13 (1st Cir. 2003).

Lastly, regarding the defendant's requests for the identities of and information about confidential informants, not only are they not authorized by Rule 16, but they also run afoul of the government's privilege to withhold from disclosure the identity of persons furnishing information to police officers relating to criminal activity. Roviaro v. United States, 353 U.S. 53, 59 (1957). When seeking that type of information from the government, the defendant bears the heavy burden of establishing that the identity of the confidential informant is necessary to his defense before he is entitled to disclosure. United States v. Lewis, 40 F.3d 1325, 1335 (1st Cir. 1994). Furthermore, where as in the instant case, the informants are mere tipsters, as opposed to an active participants in the offense charged, disclosure is required in only exceptional cases, and almost always denied. United States v. Batista-Polanco, 927 F.2d 14, 19 (1st Cir. 1991); United States v. Robinson, 144 F.3d 104, 106 (1st Cir. 1998).

Conclusion

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion for Exculpatory Evidence.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the 23rd day of June, 2005, I mailed a copy of the within Government's Memorandum to Joseph J, Voccola, Esquire and Thomas F. Connors, Esquire, 454 Broadway, Providence, RI 02909.

**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

May 18, 2005

Joseph J. Voccola, Esquire
454 Broadway
Providence, RI 02909

Re: *United States vs. Christopher Borelli*, CR No. 05-062T.

Dear Mr. Voccola:

This letter is to provide you with the discovery required under Rule 16 of the Federal Rules of Criminal Procedure and the Court's standard pretrial discovery order. In addition, this letter contains the government's requests for discovery under Rule 16.

A. Discovery Under Rule 16

1. The defendant did not testify before the grand jury which returned the indictment. The defendant did, however, sign a consent to search form, execute a *Miranda* rights form and provide Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Scott Heagney and Woonsocket Police Sergeant Edward Roy with a tape recorded statement on October 8, 2004. Copies of the two forms and a transcript of the defendant's statement are enclosed.

2. See enclosed criminal history for the defendant.

3. The tangible evidence in the government's possession which is subject to the provisions of Rule 16(a)(1)(C) includes the following:

Cocaine
Drug ledger
Scale
Plastic baggies

If you wish to inspect and/or copy the government's evidence, please let me know and I will make the necessary arrangements. In addition, please be aware that the government may also use diagrams, charts, transcripts, or additional photographs to facilitate the presentation of some of the expected testimony. These items, however, have not yet been prepared and are therefore presently unavailable for inspection.

4. See enclosed copy of the report from the Rhode Island Forensic Sciences laboratory dated November 12, 2004.

5. The government will call Principal Forensic Scientist Paul Breault to testify about his analysis of the cocaine and cocaine base.

6. In addition to the information provided in this letter and its attachments, the government will provide any additional material or information which comes to its attention, within the meaning of Giles v. Maryland, 386 U.S. 66 (1967), Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), which tends to negate the guilt of the accused or to reduce his punishment for the offense charged. The government is aware of its continuing duty to disclose exculpatory evidence.

7. The government did not intercept any conversations of the defendant pursuant to 18 U.S.C. §§2515-2518.

Although not required by Rule 16 or the Court's pretrial discovery order, I have also enclosed copies of Woonsocket Police Detective David Hopkins' witness statement dated October 8, 2004; two Narcotics Identification System Reports, both dated October 8, 2004; and, Woonsocket Police Detective Daniel Turgeon's arrest report and seizure report, both dated October 8, 2004.

Government's Discovery Requests

1. The government asks that it be permitted to inspect and copy or photograph all tangible evidence which counsel intends to introduce on behalf of the defendant during the presentation of your case-in-chief at trial.

2. The government asks that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which counsel intends to introduce on behalf of the defendant in your case-in-chief at trial, or which

were prepared by a witness counsel intends to present at trial where the results or reports relate to that witness' testimony.

3. The government requests that the defendant disclose summaries of testimony by any expert witnesses the defendant expects to call on his behalf at trial.

4. The government requests that the defendant provide the notice required under Rule 12.2 of the Federal Rules of Criminal Procedure in the event the defendant intends to offer a defense of insanity or expert testimony concerning his mental condition.

5. The government requests that, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure, the defendant provide the government with copies of any and all statements made by witnesses for the defense.

6. The government requests that the defendant provide the notice required under Rule 12.1 of the Federal Rules of Criminal Procedure in the event the defendant intends to offer a defense of alibi. The relevant time, date and location is approximately 6:30AM on October 8, 2004 at 21 Warren Avenue, Woonsocket, Rhode Island.

Sincerely,

Robert Clark Corrente
United States Attorney

Stephen G. Dambruch
Assistant United States Attorney

Enclosures

**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

June 1, 2005

Joseph J. Voccola, Esquire
454 Broadway
Providence, RI 02909

Re: *United States vs. Christopher J. Borelli*,
CR No. 05-062T.

Dear Mr. Voccola:

Enclosed as a supplement to the government's previous response to your discovery request is a copy of the transcript of the defendant's statement to Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Scott Heagney on May 11, 2005.

Sincerely,

Robert Clark Corrente
United States Attorney

Stephen G. Dambruch
Assistant United States Attorney

Enclosure

**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

June 16, 2005

Joseph J. Voccola, Esquire
454 Broadway
Providence, RI 02909

Re: *United States vs. Christopher J. Borelli*,
CR No. 05-062T.

Dear Mr. Voccola:

Enclosed as an additional supplement to the government's previous responses to your discovery request are copies of the following:

1. *Miranda* rights form signed by the defendant on May 11, 2005;

2. Woonsocket Police Detective Daniel Turgeon's arrest report;

3. Woonsocket Police Patrolwoman Jennifer North's narrative; and,

4. Transcript of Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Scott Heagney's testimony before the federal grand jury (pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure this transcript and any copies of it must be returned to the government and/or destroyed at the conclusion of this case).

Sincerely,

Robert Clark Corrente
United States Attorney

Stephen G. Dambruch
Assistant United States Attorney

Enclosure