**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Cr. No. 05-062T** |
| | ) | |
| **CHRISTOPHER BORELLI** | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO SUPPRESS ORAL AND TANGIBLE EVIDENCE**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby responds to defendant's Motion to Suppress Oral and Physical Evidence. The grounds for the government's objection are set forth in the accompanying memorandum of law.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U. S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2005, I mailed a copy of the within Government's Objection to Joseph J, Voccola, Esquire and Thomas F. Connors, Esquire, 454 Broadway, Providence, RI 02909.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-062T** |
| | : | |
| **CHRISTOPHER BORELLI** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO SUPPRESS ORAL AND TANGIBLE EVIDENCE**

Facts

On October 8, 2004, members of the Woonsocket Police Department, accompanied by Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent Scott Heagney, responded to the defendant's residence at 21 Warren Street, Woonsocket, Rhode Island. Upon their arrival at that location, the law enforcement officers asked for and received permission to search the premises from the defendant (his bedroom only) and his father, James Borelli (entire residence). Both the defendant and James Borelli, the property owner, then memorialized their consent by signing a printed consent to search form, a copy of which is attached. During a subsequent search of the defendant's bedroom closet, Woonsocket Police Detective Daniel Turgeon located and seized a Nike shoe box containing bags of powder and crack cocaine, a scale, a ledger and playing cards. Detective Turgeon also discovered and seized plastic baggies from a waste basket located within that same room.

Following the seizure of the suspected contraband at 21 Warren Street, the police officers transported the defendant and the evidence to the Woonsocket Police Department. Woonsocket Police Department Detective Sergeant Edward Roy then advised the defendant of his *Miranda* rights with the assistance of a printed form. The defendant acknowledged understanding those rights and initialed and signed the form accordingly (see attached copy of the October 8, 2004 rights form). At the completion of the rights advisement process, the defendant agreed to provide Special Agent Heagney with a statement. The defendant then proceeded to make admissions relating to the suspected powder and crack cocaine found in his bedroom closet. Some time after the completion of that statement, the defendant left the police station without being charged with any offense.

On May 11, 2005, the federal grand jury returned an indictment against the defendant for one count each of possession with intent to distribute fifty grams or more of cocaine base and possession with intent to distribute cocaine. Upon the return of that indictment, the Court issued a warrant for the defendant. Special Agent Heagney and members of the Woonsocket Police Department subsequently executed that warrant, locating and arresting the defendant at 21 Warren Street, Woonsocket, Rhode Island. Following his arrest, Woonsocket Police Patrolwoman Jennifer North transported the defendant to the Woonsocket Police

Department, where Special Agent Heagney once again advised him of his *Miranda* rights with the assistance of a printed form (see attached copy). The defendant informed Special Agent Heagney that he understood those rights and then provided Special Agent Heagney with a tape recorded statement.

## Argument

I. THE WARRANTLESS SEARCH OF THE DEFENDANT'S RESIDENCE WAS AUTHORIZED BY HIS AND HIS FATHER'S VOLUNTARY CONSENT.

A valid search of a dwelling may be made by law enforcement officers without a warrant or probable cause if the resident has given his voluntary consent. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). The determination of whether the consent was valid is a fact-specific inquiry that requires an examination of the totality of the circumstances. United States v. Collazo-Aponte, 216 F.3d 163, 187 (1st Cir. 2000). In conducting such an inquiry, the Court must consider a number of factors, including the defendant's age, education, experience, intelligence, and knowledge of the right to withhold consent. United States v. Barnett, 989 F.2d 546, 555 (1st Cir. 1993).

Here, the defendant, a twenty-three year old person, and his father gave their consent for police to search both the defendant's bedroom and the entire residence. Furthermore, the investigating officers provided the defendant and his father with a printed consent to search form. After reading and filling out

that form, both of them gave the police permission to search. Importantly, that form not only memorialized the their grant of consent to search, but its language included a reference to the right to refuse to consent to any proposed search. While the police are not required to inform a person of his right not to consent, the fact that they did so in writing constitutes a significant factor in the voluntariness determination. United States v. Becker, 333 F.3d 858, 861 (1st Cir. 2003); United States v. Twomey, 884 F.2d 46, 51 (1st Cir. 1989). Furthermore, the defendant reconfirmed the voluntary nature of the consent in answer to Special Agent Heagney's question during a subsequent interview.

## II. THE DEFENDANT'S STATEMENTS TO POLICE WERE THE RESULT OF HIS KNOWING AND VOLUNTARY WAIVERS OF HIS *MIRANDA* RIGHTS AND ARE THEREFORE ADMISSIBLE AGAINST HIM AT TRIAL

After having been advised of his *Miranda* warnings, a suspect may then waive those rights, if that waiver is made voluntarily, knowingly and intelligently. United States v. Palmer, 203 F.3d 55, 60 (1st Cir. 2000). The government must prove the voluntariness of that waiver by a preponderance of the evidence. United States v. Rosario-Diaz, 202 F.3d 54, 69 (1st Cir. 2000). The focus of that voluntariness analysis should be the conduct of the police officers who interacted with the defendant. Absent a finding of police coercion, the waiver and subsequent statements

should be viewed as voluntary, thereby removing any constitutional bar to the admission of those statements into evidence at trial. Colorado v. Connelly, 479 U.S. 157, 169-70 (1986).

Here, Sergeant Roy advised the defendant of his *Miranda* warnings prior to Special Agent Heagney asking him any questions on October 8, 2004. After being so advised and indicating an understanding of his *Miranda* rights, the defendant waived those rights and answered Special Agent Heagney's questions about his narcotics related activities. Significantly, as well as containing the substance of the defendant's remarks to the police, that statement also memorialized the defendant's acknowledgment that he had already been advised of and waived his rights, and that he did so voluntarily, without any threats or promises by members of the law enforcement. The non-coercive nature of the encounter between the police and the defendant was further evidenced by the fact that Special Agent Heagney advised the defendant at the beginning of the interview that he was not under arrest and free to leave at any time.[1]

With regard to the defendant's second statement to the police on May 11, 2005, Special Agent Heagney advised the

---

[1] The fact that Special Agent Heagney advised the defendant that he was not under arrest and free to leave at any time raises the question of whether this situation was a custodial interrogation. If not, the police were not even legally required to advise the defendant of his *Miranda* rights.

defendant of his *Miranda* rights, again using the printed form. This rights advisement, however, was also captured on audio tape, with the defendant asking a question about his right to counsel and then acknowledging his understanding of all of his rights. Special Agent Heagney then reminded the defendant multiple times that he did not have to talk to the police and that the police were not promising him anything in exchange for his statements. Although there may be some question as to the admissibility of the defendant's statement's after he appeared to assert his right to counsel by stating "I would like to keep going, but I would like to do it with a lawyer" (transcript of May 11, 2005 statement at p. 34), all of the questions and answers before that point were the result of the defendant's knowing and voluntary waiver of his rights, and therefore should not be suppressed.

Conclusion

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion to Suppress Oral and Tangible Evidence.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the 11th day of July, 2005, I mailed a copy of the within Government's Memorandum to Joseph J, Voccola, Esquire and Thomas F. Connors, Esquire, 454 Broadway, Providence, RI 02909.

04-6804-OF

# CONSENT TO SEARCH

James Borelli

TIME 10/8/04 0650 hrs

DATE 10/8/04

PLACE 21 WARREN AVE. Woonsocket, RI 02895

I, Christopher Borelli, having been informed of my right not to have a search made of the premises and/or vehicle described below without a search warrant and of my right to refuse to consent to such a search, do authorize Woonsocket Police Dets D. Turgeon, J. Collamati, D. Hopkins, Sgt. Ed Roy, Lt. Warot, ATF S.A. Scott Heaney of the WOONSOCKET Police Department to conduct a complete search of my premises and/or vehicle described as 21 WARREN AVE, WOONSOCKET, RI 02895.

I give my consent to this search knowing that if any incriminating evidence is found it can be used against me in Court.

The police officer(s) named above has my permission to take any letters, papers, or other property from my premises and/or vehicle.

I give this written permission to the police officer(s) named above voluntarily and without threats or promises of any kind.

Christopher Borelli - bedroom

James Borelli - entire residence

Lt. [signature] Warot

Sgt. Ed [signature]

James Borelli

WITNESSES: Lt. [signature] Warot

Det. David Turgeon

SIGNATURE

Christopher Borelli

# RIGHTS

I, CHRISTOPHER J. BORELLI 12/12/80, am a suspect in the crime (s) of POSSESSION OF COCAINE W/I TO DELIVER

CB 1. I have the right to remain silent. I do not have to give a statement or answer any questions.

CB 2. If I give up my right to remain silent, anything I say can and will be used against me in a Court of Law.

CB 3. I have the right to the presence of a lawyer and to talk with a lawyer before and during any questioning.

CB 4. If I cannot afford a lawyer and I want a lawyer, a lawyer will be appointed for me at no cost to me before any questioning.

CB 5. If I do talk to the police, I can stop at any time.

The police have made no threats or promises to me.

I UNDERSTAND MY RIGHTS: YES ✓ NO ___ DATE 10/8/04

Christopher Borelli
SIGNATURE

21 Warren Ave
ADDRESS

SGT EDWARD ROY W.P.D & S/A SCOTT HEAGNEY (ATF)
Officer (s) advising suspect of His /Her Rights

Police Department: WOONSOCKET

Time: 0730

Date: 10/8/04

Place: DET. DIV. WPD

H-6804 OF

White - Police
Green - Court
Yellow - A.G.
Pink - Def. Attor.
Golden - Defendant

# RIGHTS

I, Christopher Bolelli, am a suspect in the crime (s)
of 21 Warren Ave - Woonsocket, RI

cb 1. I have the right to remain silent. I do not have to give a statement or answer any questions.

cb 2. If I give up my right to remain silent, anything I say can and will be used against me in a Court of Law.

cb 3. I have the right to the presence of a lawyer and to talk with a lawyer before and during any questioning.

cb 4. If I cannot afford a lawyer and I want a lawyer, a lawyer will be appointed for me at no cost to me before any questioning.

cb 5. If I do talk to the police, I can stop at any time.

The police have made no threats or promises to me.

I UNDERSTAND MY RIGHTS: YES ✓ NO ______ DATE 5/11/05

Christopher Bolelli
SIGNATURE

21 Warren Ave
ADDRESS

S/A Scott Heagney A.T.F. [signature] Det. [signature] #20 WPD
Det. Joseph Collamati #29 W.P.D. Det. Joseph Collamati
Officer (s) advising suspect of His / Her Rights

Police Department: Woonsocket Police Department.

Time: 19:45 Hrs.

Date: 5/11/05

Place: Woonsocket Police Dept.

White - Police
Green - Court
Yellow - A.G.
Pink - Def. Attor.
Golden - Defendant